# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ELAINE SWEET

    Plaintiff,

CASE NO.:

vs.

UNIFIRST CORPORATION
a Foreign Profit Corporation,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, ELAINE SWEET ("SWEET" or "Plaintiff"), by and through her undersigned counsel, and files this Complaint against the Defendant, UNIFIRST CORPORATION. ("UNIFIRST" or "Defendant") and alleges the following:

## INTRODUCTION

1. Plaintiff brings these claims for sex/gender discrimination against Defendant for its unlawful termination of Plaintiff based upon her sex/gender in violation of Title VII ("Title VII") and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat. Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and attorney's fees and costs.

## JURISDICTION AND VENUE

1

2. This Court has original jurisdiction over Plaintiff's claims as they arise under federal law, pursuant to Title VII, and the actions giving rise to this lawsuit occurred in Hillsborough County, Florida. The Court has supplemental jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiff's Title VII claim that it forms part of the same case or controversy.

3. Specifically, Plaintiff was discriminated against and treated differently than other employees solely because of her gender/sex.

4. Venue is proper because Defendant conducts substantial business in Hillsborough County, Florida, and Plaintiff worked for Defendant in Hillsborough County, Florida, where the actions at issue took place.

5. This is an action for damages in excess of $30,000.00, exclusive of attorneys' fees and costs.

## PARTIES

6. Plaintiff worked for Defendant from September 11, 2017, until May 8, 2019, as a Sales Agent.

7. Defendant is a Foreign Profit Corporation that is engaged in the internet marketing industry predominately in Hillsborough, Florida.

8. Defendant was at all material times an "employer" as defined by Title VII/FCRA as it employed in excess of fifteen (15) employees.

9. Plaintiff is protected by the FCRA, because:

    a.    She is female.

    b.    She suffered an adverse employment action based on her sex/gender, including being terminated for same.

## CONDITIONS PRECEDENT

10. On or around October 29, 2019, Plaintiff dual filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging sex/gender discrimination against Defendant.

11. On February 16, 2021, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within ninety (90) days of her receipt of same.

12. Plaintiff timely filed a Charge of Discrimination with the EEOC and Florida Commission on Human Relations within the applicable period of limitations against Defendant.

13. More than 180 days have passed since the filing of the Charge of Discrimination.

14. All conditions precedent to this action have been satisfied and/or waived.

## STATEMENT OF FACTS

15. Plaintiff, a woman, worked for Defendant as a Sales Agent from

3

September 11, 2017, until her unlawful termination on May 8, 2019.

16. During her tenure at Defendant's company, Plaintiff was, by all accounts, an exceptional employee with no significant history of attendance, disciplinary, or performance issues.

17. During her tenure at UNIFIRST, Plaintiff worked under the supervision of Sales Manager, Jeuronathan Rucker ("Mr. Rucker"), who is male.

18. Mr. Rucker created a discriminatory atmosphere for female Sales Agents, including Plaintiff, at the office.

19. Mr. Rucker, along with male General Manager, Clayton Spires ("Mr. Spires"), consistently sabotaged Plaintiff's employment performance and denied her benefits, training, and opportunities regularly afforded to her male comparators, John Shields, and David Penn.

20. For example, UNIFIRST Management engaged in a coordinated effort to deprive Plaintiff from "sales leads" and routinely allowed male sales staff to encroach in Plaintiff's territories.

21. To make matters worse, UNIFIRST managers fostered and supported male employees by accompanying them on sales calls, and providing them with tips and tools to ensure their success.

22. When Plaintiff and other saleswomen asked for these perks, their concerns were dismissed.

23. This discriminatory disparate treatment and retaliation is blatantly unlawful and violates Title VII and the FCRA.

24. Through its brazen sabotage, UNIFIRST attempted to portray the performance of its female Sales Agents in a negative light. As a result, one by one, Unifirst began retaliating against Plaintiff, and other female sales agents, in part based on performance issues that would have never existed without UNIFIRST's discriminatory actions.

25. Thus, on May 8, 2019, UNIFIRST terminated Plaintiff in violation of the law. In further support of our claims, UNIFIRST replaced Plaintiff and other saleswomen with multiple male employees in a clear indication that it did not consider women capable of performing their duties simply because of their gender/sex.

26. The above actions illustrate UNIFIRST's hostility and discrimination towards female employees in violation of Title VII/FCRA.

27. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by Title VII/FCRA.

28. Defendant took adverse action toward female Sales Agents like Plaintiff but did not act similarly toward its male counterparts.

29. Defendant does not have a non-discriminatory rationale for its supervisors' conduct, and the separation of Plaintiff's employment.

30. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, based upon the sex/gender discrimination she endured at the hands of the Defendant.

31. Plaintiff has suffered damages, including, but not limited to, lost wages and benefits, compensatory damages, emotional distress, as a result of Defendant's actions.

### COUNT I- VIOLATION OF TITLE VII BASED ON SEX/GENDER DISCRIMINATION

32. Plaintiff realleges and readopts the allegations contained in paragraphs 1-31 of the Complaint, as if fully set forth in this Count.

33. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sex/gender discrimination under the Title VII.

34. Plaintiff is female.

35. Plaintiff was terminated only because of her sex/gender, and would not have been terminated, but for her sex/gender.

36. Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

37. Defendant had no good faith basis for terminating Plaintiff based on her gender, and Plaintiff is entitled to liquidated damages based on these actions.

38. The conduct of Defendant was so willful and wanton, and in such

reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter Defendant, and others, from such conduct in the future.

39. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

40. Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on her sex/gender, was in compliance with Title VII.

41. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF- COUNT I

WHEREFORE, Plaintiff prays that this Court will:

42. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

43. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

44. Grant Plaintiff a judgment against Defendant for all lost wages and compensatory damages, including liquidated damages;

45. Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to Title VII.

46. Provide any additional relief that this Court deems just.

### COUNT II- VIOLATION OF THE FCRA BASED ON SEX/GENDER DISCRIMINATION

47. Plaintiff realleges and readopts the allegations contained in paragraphs 1-31 of the Complaint, as if fully set forth in this Count.

48. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sex/gender discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

49. Plaintiff is female.

50. Plaintiff was terminated only because of her sex/gender, and would not have been terminated, but for her sex/gender.

51. Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

52. Defendant had no good faith basis for terminating Plaintiff based on her gender, and Plaintiff is entitled to liquidated damages based on these actions.

53. The conduct of Defendant was so willful and wanton, and in such

reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter Defendant, and others, from such conduct in the future.

54. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

55. Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on her sex/gender, was in compliance with the FCRA.

56. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

### REQUEST FOR RELIEF- COUNT II

WHEREFORE, Plaintiff prays that this Court will:

57. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

58. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

59. Grant Plaintiff a judgment against Defendant for all lost wages and compensatory damages, including liquidated damages;

60. Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), Fla. Stat.

61. Provide any additional relief that this Court deems just.

Dated this 3rd of May, 2021.

Respectfully submitted,

**By:*/sNoah E. Storch*_____**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:   (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*