# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

ELAINE SWEET,

      Plaintiff,

v.                                      Case No. 8:21-cv-1054-T-KKM-TGW

UNIFIRST CORPORATION,

      Defendant.

_____/

## **ORDER**

Defendant Unifirst Corporation moves to compel arbitration and stay proceedings. (Doc. 9).[1] Plaintiff Elaine Sweet consents to Unifirst's motion. (*Id.* at 15).

A review of the arbitration provision at issue shows that compelling arbitration is appropriate. *See* (Doc. 9-1 at 6–7). As a result, the Court will grant Unifirst's motion to compel arbitration. *See JPay, Inc. v. Kobel*, 904 F.3d 923, 929 (11th Cir. 2018) ("Where the parties have agreed to arbitrate their dispute, the job of the courts—indeed, the obligation—is to enforce that agreement."); *see also Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1378 (11th Cir. 2005) (affirming district court that compelled arbitration of Title VII claims).

The Court will also grant Unifirst's request to stay proceedings pending the

---

[1] Unifirst filed a motion to compel arbitration and stay proceedings (Doc. 7); it subsequently filed an amended motion (Doc. 9) consistent with Local Rule 3.01(g) to reflect that Sweet consented to Unifirst's requests for relief.

outcome of arbitration. *See* 9 U.S.C. § 3 (stating that the court compelling arbitration "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the [arbitration] agreement").

Accordingly, the following is **ORDERED**:

1. Unifirst's motion to compel arbitration and stay proceedings (Doc. 9) is **GRANTED**.

2. Unifirst's original motion to compel arbitration and stay proceedings (Doc. 7) is **DENIED as moot**.

3. Sweet's claims against Unifirst are referred to arbitration.

4. Sweet and Unifirst are **DIRECTED** to file a joint report on the status of arbitration proceedings by **July 31, 2021**, and every thirty days afterward.

5. This case is **STAYED** pending arbitration.

6. The Clerk is **DIRECTED** to administratively close this case and terminate any pending motions and deadlines.

**DONE** in Tampa, Florida, on June 1, 2021.

Kathryn Kimball Mizelle
United States District Judge